# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

WILFRED ALEXANDER PAGE, et al.,

        Plaintiffs,

v.                                                            No. 1:19-cv-00763-JAP-JHR

ALBUQUERQUE MUNICIPAL MENTAL
HEALTH COURT,
BRETT LOVELACE,
CHARLES BROWN,
YVONNE ARCHULETTA,
DORA RUBIO, and
KIM KENNEDY,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff, who is proceeding *pro se*, alleges that Defendants violated his 5th and 14th Amendment rights in August 2019 during proceedings in Mental Health Court because his Public Defender was not present and no other "legal aid or representation of any kind was given or offered." Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship), Doc. 3, filed August 21, 2019 ("Complaint"). Plaintiff objected to "the sanction of 16 hours of community service." Complaint at 4. Defendants are Mental Health Court Judges and staff. *See* Complaint at 2. Plaintiff seeks the following relief: "At this time as my fifth and fourteenth amendments to the Constitution of the United States of America were violated I Wilfred Alexander Page ask that a Class Action Lawsuit be considered to rectify the severe violations towards not only myself but Et Al at least 25 Mental Health Court Inductees such as myself." Complaint at 4. The Court construes the Complaint as a civil action under 42 U.S.C. § 1983 for deprivation of constitutional rights.

The Court will deny Plaintiff's request that "a Class Action Lawsuit be considered to rectify the severe violations towards not only myself but Et Al at least 25 Mental Health Court Inductees such as myself," because Plaintiff, who is not an attorney admitted to practice in this Court, may not assert claims on behalf of others. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

Plaintiff filed his Complaint using the form "Complaint for a Civil Case Alleging Negligence (28 U.S.C. § 1332; Diversity of Citizenship)." The form instructs Plaintiff to "[s]tate briefly and *precisely* what damages or other relief the plaintiff asks the court to order." Complaint at 4 (*emphasis* added). Plaintiff did not state precisely what damages or other relief he seeks. Instead, he simply asked that the Court "rectify the severe violations." Complaint at 4. On August 23, 2019, the Court ordered Plaintiff to file a supplement to his Complaint by September 6, 2019 stating precisely what damages or other relief he wants the court to order and notified Plaintiff that failure to timely file a supplement may result in dismissal of this case. *See* Order to Supplement Complaint (Doc. 4). Plaintiff did not file a supplement by the September 6, 2019, deadline.

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

The Court does not have diversity jurisdiction in this case. *See Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir.1988). The Complaint states that Plaintiff and Defendants are citizens of New Mexico. *See* Complaint at 1-3. Consequently, there is no properly alleged diversity jurisdiction.

Nor is there any properly alleged federal question jurisdiction because Defendants are state court judges and staff involved in the judicial process, and Plaintiff has not alleged an ongoing violation of federal law and is not seeking prospective relief. *See Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)) ("[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"); *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008) ("[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process"); *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012) (for the *Ex parte Young* exception to state sovereign immunity to apply, a plaintiff must show that he is: "(1) suing state officials rather than the state itself, (2) alleging an ongoing violation of federal law, and (3) seeking prospective relief"). To the extent Plaintiff seeks to have the Mental Health Court ruling overturned, this Court lacks

jurisdiction. *See Bolden v. city of Topeka, Kan.*, 441 F.3d 1129, (10th Cir. 2006) ("The *Rooker–Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments").

The Court will dismiss the Complaint without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**SENIOR UNITED STATES DISTRICT JUDGE**